UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD BUZZARD Jr., <br><br> Petitioner, <br><br> v. <br><br> DANIEL WHITE , <br><br> Respondent. | CASE NO.  2:22-cv-01271-JLR-BAT <br><br> **REPORT AND RECOMMENDATION** |

Petitioner seeks 28 U.S.C § 2254 federal habeas relief from his 2002 King County Rape of a Child in the First-Degree conviction and 123 month to life sentence in case number 02-1-02656-3-KNT. *See* Habeas Petition, Dkt. 8. Petitioner requests the Court grant habeas relief on the grounds the sentencing judge fraudulently changed his judgment and sentence from a "determinate" 123 month sentence to an "indeterminate" 123 to life sentence. *Id.* at 1.

Under Rule 4 of the Rules Governing § 2254 cases, the Court must do a preliminary review of a habeas petition. The Court should dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  The habeas petition here is untimely, and Petitioner sought similar relief in a 2014 habeas petition that this Court dismissed seven

REPORT AND RECOMMENDATION - 1

1  years ago. The Court accordingly recommends the present petition be DISMISSED with
2  prejudice and issuance of a certificate of appealability (COA) be DENIED.

### DISCUSSION

Petitioner challenges his 2002 King County Rape of a Child conviction and sentence alleging the present petition is timely because he was "denied for 20 years his plea and sentencing transcripts" and that in 2021 using "tax stimulus money" he obtained his transcripts which show the sentencing judge fraudulently changed his sentence from a determinate 123 months of imprisonment to 123 months to life. Dkt. 8 at 1. Petitioner claims the transcripts prove he received a determinate sentence, the term of which he has fully served, and that the sentencing judge changed the judgment to an unlawful indeterminate life sentence. Petitioner further contends the present habeas petition filed in 2022 is timely because the transcripts he relies upon are "newly discovered evidence."

The Court takes judicial notice of its own records and its records show Petitioner has filed numerous habeas petitions challenging the 2002 King County Rape of a Child conviction and in fact raised a similar claim in a 2014 petition he filed in this Court. *See Buzzard v. Glebe*, 2:14-cv-01663-MJP. The 2014 petition alleged Petitioner pled guilty with a promise he would receive a determinate sentence of 93 to 123 months of imprisonment and that the sentencing judge violated Petitioner's rights by entering an indeterminate sentence of 123 months to life imprisonment. *See Buzzard v. Glebe*, habeas petition, Dkt. 10 at 3. Petitioner further alleged his 2014 habeas challenge was timely because "he finally saved for, and paid for his plea hearing, and sentencing hearing transcripts, EX1, EX 2" and the transcripts are thus new evidence supporting his claim. *Id.*, Dkt. 10 at 2.

REPORT AND RECOMMENDATION - 2

The Honorable Marsha J. Pechman rejected Petitioner's habeas claims, dismissed the petition as untimely, and denied issuance of a certificate of appealability. *Id.*, Dkt. 40. On January 16, 2016, the Court of Appeals for the Ninth Circuit denied Petitioner's request for a certificate of appealability. *Id.*, Dkt. 45.

The Court's records thus plainly establish Petitioner previously raised a very similar habeas claim: he should receive a determinate 123-month sentence and the sentencing judge improperly ordered he receive an indeterminate 123 to life. This claim was fully adjudicated and dismissed as untimely in 2015 by Judge Pechman and may not be reraised simply by filing a second or successive petition. *See* 28 U.S.C. § 2244(b)(1)(2) (Court must dismiss claims presented in a prior habeas petition and any claim not presented in a prior petition, unless the claim rests on new law, new evidence, or Petitioner's actual innocence).

The present habeas petition is not based upon newly discovered evidence because Petitioner alleged he obtained his sentencing transcripts and attached to the 2014 habeas petition what he proffered were his plea and sentencing transcripts. Judge Pechman found the 2014 petition was untimely. The evidence upon which the present petition relies was thus known and available to Petitioner over seven years ago, and is the same evidence relied upon in the 2014 petition that was dismissed as untimely. The present petition is thus untimely.

The Court accordingly recommends the present habeas petition be DISMISSED with prejudice.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing

REPORT AND RECOMMENDATION - 3

of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would disagree the present petition is time-barred and second or successive. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **October 3, 2022.** The Clerk should note the matter for **October 7, 2022**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 19th day of September, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge