UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD BUZZARD, JR.,

Petitioner,

v.

DANIEL WHITE,

Respondent.

CASE NO. C22-1271JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on the report and recommendation of Magistrate Judge Brian A. Tsuchida (R&R (Dkt. # 10)) and *pro se* Petitioner Ronald Buzzard, Jr.'s objections thereto (Obj. (Dkt. # 11)). Magistrate Judge Tsuchida recommends dismissing Mr. Buzzard's 28 U.S.C. § 2254 habeas petition. (R&R at 1, 3; *see also* Pet. (Dkt. # 8).) Having carefully reviewed the foregoing, along with all other relevant documents, and the governing law, the court ADOPTS in part the report and

//

recommendation, OVERRULES Mr. Buzzard's objections, and DISMISSES Mr. Buzzard's § 2254 habeas petition without prejudice.

## II. BACKGROUND

In the instant habeas petition, Mr. Buzzard challenges his 2002 Washington State first degree rape of a child conviction and sentence of 123 months to life. (*See generally* Pet.) Mr. Buzzard argues that the sentencing judge violated his constitutional rights by "fraudulently" "changing" his judgment and sentence from a determinate sentence of 123 months to an indeterminate sentence of 123 months to life.[1] (Pet. Exs. (Dkt. # 8-1) at 3, 6-8.[2])

Magistrate Judge Tsuchida recommends that the court deny Mr. Buzzard's § 2254 habeas petition with prejudice and deny the issuance of a certificate of appealability on the grounds that the habeas petition is (1) untimely and (2) a second or successive habeas petition. (*See* R&R at 1-3.) As to his conclusion that the instant petition is untimely, Magistrate Judge Tsuchida states that the instant habeas petition is not based upon newly discovered evidence that would exclude Mr. Buzzard's claims from the applicable one-year statute of limitations because the "evidence upon which the present petition relies was . . . known and available to [Mr. Buzzard] over seven years ago," as Mr.

[1] The court ADOPTS Magistrate Judge Tsuchida's summary of the background of the instant petition and Mr. Buzzard's 2014 habeas petition. (*See* R&R at 2-3.) Additionally, the report and recommendation issued in Mr. Buzzard's 2014 habeas case (*see* R&R, *Buzzard v. Glebe*, C14-1663MJP (W.D. Wash. July 2, 2015), Dkt. # 36) summarizes the relevant facts and the procedural history of Mr. Buzzard's criminal case, and the court does not repeat them here.

[2] The court uses the CM/ECF page numbers when citing to the exhibits in docket entry 8-1.

Buzzard attached copies of the plea and sentencing transcripts at issue to his 2014 habeas petition. (*Id.* at 3.) In concluding that that the petition must be dismissed as a second or successive petition, Magistrate Judge Tsuchida notes that Mr. Buzzard filed a § 2254 habeas petition challenging the same conviction in this court in 2014; he raised a very similar habeas claim in that 2014 petition—i.e., that he should receive a determinate 123-month sentence and the sentencing judge improperly ordered he receive an indeterminate 123 to life; the previous claim "was fully adjudicated and dismissed as untimely in 2015 by Judge Pechman"; and such a claim "may not be reraised simply by filing a second or successive petition." (*Id.* (citing 28 U.S.C. § 2244(b)(1)(2)).)

Mr. Buzzard timely objected to the report and recommendation on the ground that the instant petition should not be dismissed as a second or successive petition because his 2014 habeas petition was not dismissed on the merits. (*See* Obj. at 1-3.)

## III. ANALYSIS

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Because Mr. Buzzard is proceeding *pro se*, this court must interpret his petition and objections liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus" petitions. *Tyler v. Cain*, 533 U.S. 656, 661-62 (2001). Under the Act, a second or successive § 2254 petition must be dismissed unless it meets one of the exceptions outlined in 28 U.S.C. § 2244(b)(2). *See, e.g.*, 28 U.S.C. § 2244(b)(1) (stating that courts must dismiss claim presented in second or successive petition when that claim was presented in a prior petition); *id.* § 2244(b)(2) (stating that courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition unless a petitioner meets one of two exceptions). "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits" in an earlier petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see also Ware v. Carey*, 204 F. App'x 657, 658 (9th Cir. 2006) ("A ground is 'successive if the basic thrust or gravamen of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments.'" (quoting *United States v. Allen*, 157 F.3d 661, 664 (9th Cir.1998))). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." *McNabb*, 576 F.3d at 1029 (citing *Howard v. Lewis*, 905 F.3d 1318, 1322 (9th Cir. 1990)).

Mr. Buzzard argues that the instant petition is not a second or successive petition because his 2014 habeas petition was "dismissed on a procedural issue"—i.e., his failure to comply with the applicable one-year statute of limitations—rather than on the merits. (*See* Obj. at 1-3.) The Ninth Circuit, however, has held that the dismissal of a first

habeas petition because it is untimely "presents a 'permanent and incurable' bar to federal review of the underlying claims" and "constitutes a disposition on the merits." *McNabb*, 576 F.3d at 1030. Mr. Buzzard's 2014 § 2254 petition sought habeas relief based on the same 2002 conviction challenged in this action, and the 2014 petition raised essentially the same claim alleged in the instant petition.[3] (*See* R&R at 2-3; *compare* Pet. at 5, *and* Pet. Exs. at 1-13, *with* Pet. at 1-6, *Buzzard*, C14-1663MJP (W.D. Wash. Jan. 6, 2015), Dkt. # 10.) Judge Pechman's dismissal of the 2014 petition on the ground that it was untimely (Order, *Buzzard*, C14-1663MJP (W.D. Wash. Oct. 15, 2015), Dkt. # 40) "constitutes a disposition on the merits" for purposes of 28 U.S.C. § 2244(b). Accordingly, Mr. Buzzard's objection is meritless, and Magistrate Judge Tsuchida properly concluded that the instant petition is a second or successive petition. *See McNabb*, 576 F.3d at 1030 (holding "that dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of" § 2244(b)).

To bring this second or successive petition, Mr. Buzzard must first obtain permission from the Ninth Circuit, as required by 28 U.S.C. § 2244(b)(3). *See Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application."). Permission to file this second or successive

---

[3] Pursuant to Federal Rule of Evidence 201, the court takes judicial notice of the records and files from Mr. Buzzard's prior action in this district and the electronic dockets for the United States Court of Appeals for the Ninth Circuit available through the PACER system.

petition may be granted only if Mr. Buzzard makes a prima facie showing that: (1) the claim relies on a new, and previously unavailable, rule of constitutional law, which the Supreme Court has ordered be made retroactive to collateral proceedings; or (2) the factual predicate of the claim could not have been discovered earlier through the exercise of due diligence, and the facts alleged, if proven, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error claimed, no reasonable fact-finder would have found Mr. Buzzard guilty. *See* 28 U.S.C. § 2244(b)(2)(A)(B); *id.* § 2244(b)(3)(C); *McNabb*, 576 F.3d at 1030.[4]

Because Mr. Buzzard has not obtained permission from the Ninth Circuit to bring a second or successive petition,[5] the court lacks jurisdiction to consider the instant petition. *Burton v. Stewart*, 549 U.S. 147, 157 (2007) (stating that the district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court); *see also* 28 U.S.C. § 2244(b)(3)(A). Accordingly, the court DISMISSES Mr. Buzzard's unauthorized second or successive § 2254 petition without prejudice.[6] Mr. Buzzard may file a new habeas action that includes the same

---

[4] Based on the nature of the claim alleged in the instant petition, which is essentially the same as one of the claims found to be untimely in the 2014 petition, it is difficult to see how Mr. Buzzard will be able to satisfy § 2244(b)'s requirements.

[5] The Ninth Circuit's dockets show that Mr. Buzzard has not filed any § 2244(b) application in the Ninth Circuit.

[6] The court further finds that even assuming the instant petition is not second or successive, it is untimely and barred by AEDPA's one-year statute of limitations for the reasons stated in Magistrate Judge Tsuchida's report and recommendation. *See* 28 U.S.C. § 2244(d); (R&R at 3).

claim at issue in the instant petition if he first obtains permission from the Ninth Circuit to file a successive petition. *See* 28 U.S.C. § 2244(b).[7]

The court further ADOPTS Magistrate Judge Tsuchida's recommendation that the court deny Mr. Buzzard a certificate of appealability. (*See* R&R at 3-4.) When a district court enters a final order adverse to the applicant in a habeas proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the petitioner must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). Here, the court agrees with Magistrate Judge Tsuchida's conclusion that reasonable jurists could not debate whether the petition should have been resolved differently and therefore DENIES Mr. Buzzard a certificate of appealability.

## IV. CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

(1) The court ADOPTS the report and recommendation (Dkt. # 10) in part;

---

[7] If Mr. Buzzard obtains permission from the Ninth Circuit to file a successive habeas petition, he should file it as a new action. He should not file an amended petition in this action or use the same case number because this action is being closed today.

(2) The court OVERRULES Mr. Buzzard's objections (Dkt. # 11);

(3) The court DISMISSES Mr. Buzzard's § 2254 habeas petition (Dkt. # 8) without prejudice; and

(4) The court DIRECTS the Clerk to close this case and send copies of this order to Mr. Buzzard and Magistrate Judge Tsuchida.

Dated this 14th day of October, 2022.

JAMES L. ROBART
United States District Judge